UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CLIFTON CRAIG,

    Plaintiff,

  v.                                  CAUSE NO. 3:22-CV-1013-DRL-MGG

ROBERT d'ARCY, and COMERICA
BANK,

    Defendants.

OPINION AND ORDER

Clifton Craig, a prisoner without a lawyer, filed a vague complaint alleging the Internal Revenue Service improperly deposited three COVID-19 stimulus payments totaling $3,200 into Comercia Bank. ECF 2. He says he did not authorize these deposits and the money should have been sent to him at the Indiana State Prison. He does not say whether he filed a tax return asking for those refunds or if they were automatically initiated by the Internal Revenue Service. He does not say whether the account ending 701 at Comercia Bank is or was his. He does not say whether (or when) he ever filed a tax return authorizing that account for refunds. If so, he does not say when or how he withdrew that authorization. If that is his account, he does not explain why he did not withdraw the money from his account rather than filing this lawsuit. He does not explain how the Internal Revenue Service would have known he was at the Indiana State Prison.

Mr. Craig sues Robert d'Arcy, an employee of the Internal Revenue Service, who wrote him a letter explaining where the money was deposited. The complaint does not

allege Mr. d'Arcy was involved with issuing the refund nor deciding where it should be sent. It does not explain how or why he is financially liable to Mr. Craig. Comerica Bank is also named as a defendant. The complaint does not allege the bank did anything other than receive the deposits. It does not explain how or why it is financially liable to Mr. Craig.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Craig may file an amended complaint because "[t]he usual standard in civil cases is

2

to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court by the deadline.

For these reasons, the court:

(1) GRANTS Clifton Craig until **January 19, 2023**, to file an amended complaint; and

(2) CAUTIONS Clifton Craig if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

December 22, 2022         *s/ Damon R. Leichty*
                          Judge, United States District Court